Case number 22-4052, USA v. Alexander Ivy. Argument is not to exceed 15 minutes per side. Ms. Shusky for the appellant. May it please the court, Catherine Shusky on behalf of Alexander Ivy. I'd like to reserve three minutes for rebuttal. That's all right. The issue before the court today is whether the elements of Mr. Ivy's prior aggravated robbery conviction are broader than the guidelines definition of extortion. The answer to that is yes. The first task the court must do is identify the elements of his prior conviction. How to perform that analysis is dictated by United States v. Wilson, a 2020 published opinion from this court. Carter does not control. Carter dealt with a different robbery statute and a different theft statute. I think the argument on the other side is essentially we should extend Carter, which dealt with robbery, extend that to aggravated robbery. Why doesn't that work? Because they skipped the whole Wilson analysis, the double divisibility analysis. And so the government has just last week filed a motion for this court to take judicial notice of Mr. Carter's Shrepper documents. And I would submit to the court that those documents were not before the court in Carter. So the Carter court did not even consider those documents. What the opinion said at the time that they wrote the opinion, the opinion relies on a different theft statute, 29-1302A, which is not in a different robbery statute, frankly, than what is at issue here. To the extent that the court finds that those two cases, Wilson and Carter, cover the same ground, Wilson must control because it is a prior published opinion from this court. Can I ask, in the Carter case, which if I recall your office may have handled, was there an argument made by the defendant in Carter that the plane robbery in that case was a categorical mismatch for guidelines extortion? Not really. There was some discussion in the reply brief. Again, that was something that the government has been raising as a new argument in the briefing. So this is not something that has been, in Carter or in this case, something that was argued below. So these are new arguments that the government is raising in their opening brief. So that was not addressed by Carter in its opening brief. And kind of addressed in my opening brief, frankly, because I was trying to preempt an argument they hadn't yet made. In Carter, the predicate offense was theft. The predicate theft offense that was used in Carter was theft. Is that your understanding? According to the opinion, yes. Now, again, if one looks at... What's your understanding of how Carter got to that, using theft as the predicate offense? That, Your Honor, I cannot answer. I don't know. I can tell you that the Shepard documents were not before the court. They were filed with a motion to take judicial notice after when there was an en banc brief filed. And that was never granted. That motion for judicial notice was never granted. So the court did not have the Shepard documents before it at the time that it issued the opinion. And it had a motion before it when it denied the en banc, but never granted that motion. So it's unclear to me, standing here, whether the court considered them or not. Now, your client got 75 months. That was below the guidelines? Yes, Your Honor. Is that correct? I do believe he got it below the guidelines. What would the guidelines be if you're to prevail here? Do you know that? Your Honor, I'm sorry, I don't know. Shouldn't the defendant know about it because he might get back into something that's... He could get the same penalty, right? If we prevail and go back, I do not believe he would get... He certainly wouldn't get more. But you don't know what it is? Off the top of my head, Your Honor, I do not. Well, he got a little benefit here from the trial judge, right? That's correct, he did. He got a downward variance, that's correct.  Wilson held that Ohio aggravated robbery, the robbery statute that is at issue in this case, is twice divisible. It's first divisible by the particular subsection, and we look at Mr. Ivey's Shepard documents and know that he was convicted of an A1 offense. It is secondly divisible by the particular predicate theft offense. Looking at the Shepard documents for Mr. Ivey, what we see is that it is the general theft statute, the 29-1301. There is no particular theft offense listed here, unlike the opinion in Carter, which relied on 29-1302. So Wilson noted that the general Ohio theft statute, the 29-1301, contained 31 different theft offenses, and those examples include burglary, breaking and entering, safe cracking, tampering with coin machines, and various fraud-related offenses. So the guidelines definition of extortion is a mismatch for Ohio's theft offenses, the general theft offense statute, in at least three significant ways. First, the guidelines definition of extortion is limited to force against a person. Second, the guidelines definition of extortion does not include inchoate offenses. And third, the guidelines definition of extortion requires consent. So extortion is defined... When you're talking about the guidelines definition of extortion, we have used the guidelines definition of extortion, including relying on a commentary in, for example, the camp case. Why wouldn't that bind us here? We can look at the camp case. So the camp case, in particular, held that the guidelines definition of extortion is limited to force against another person. That's already enough to resolve this issue, because the theft offense statute in Ohio has several included, and I can give you three examples. 2911.13, breaking and entering, is trespassing an unoccupied structure with a purpose to commit another felony or theft offense. Safe cracking, 2911.31, no person with a purpose to commit an offense shall knowingly enter, force entrance into, or tamper with any vault, safe, or strong box. 2911.32, tampering with coin machines, just prohibits force into a coin machine. None of those require the presence of another person, and therefore could not require force against another person. So just looking at that, it's already a mismatch. So the court can easily resolve the issue right there. What's the best case that you're relying upon from our circuit? Is there one big case that you want to depend upon? United States v. Wilson, Your Honor. Because that opinion lays out how the double divisibility analysis that is required and deals with the same broad theft statute, the 2913.02, that is at issue here. That case, they remanded to the district court for the district court to do the double divisibility analysis because that was something new that had not been decided at that point. Carter was decided after that, though. That's correct, yes. But Carter skips the double divisibility analysis altogether. You're saying Carter's a different situation? I'm saying that the court can resolve it on their grounds, but to the extent that this court finds Carter and Wilson are dealing with the same issue, Wilson has to control because it's a prior published opinion from this court. Can I ask you a little bit more about your argument vis-a-vis Carter? It seems like you're telling us that we could maybe cabin Carter as a case where theft offense under 2913.02 is the underlying predicate at the end. But isn't your argument here about attempt, like inchoate offenses, and about consent, isn't that also contrary of what was said in Carter? It would be, yeah. That's correct, Your Honor. I do think that that was not. You're saying it's contrary to Carter. What do we do with that? I don't think those issues were raised in Carter. I don't know that the judges in Carter dealt with that issue. The court could resolve it in the sense that it was just not an issue raised and wasn't considered. It seems like 2913.02a, just theft, was never raised either. That's correct. I'm not sure how the court got there. I do want to touch briefly on the government argues that IV has not presented a realistic probability that the state of Ohio would charge a nonviolent theft offense in this situation. I think the government is conflating the law between conduct and means versus elements. Elements are defined by the legislature and they're identified by the court by looking at the particular Sheppard documents. The Supreme Court in Sheppard details what kind of documents the court may look at. The government last week also filed a 28J letter asking the court to consider the Jameson case that Judge Mathis just recently issued. I think Jameson is a great example of how the two of those things are different. In Jameson, they dealt with a felony firearm statute out of Michigan. And the elements the court identified were possessing a firearm, and two, during the commission or attempted commission of another felony. The court noted that the broad definition of felony would include some nonviolent offenses. So they had to apply the modified categorical approach and look at the documents to identify what particular felony was involved. That's exactly what we're asking the court to do here. Look at the particular theft offense statute, or the Sheppard documents, figure out what the particular theft offense is. Unfortunately, the theft offense isn't listed in any particularity. So we're then left with you have all of these theft offense statutes to deal with. The Jameson court then went on, after it identified the elements, it went on to determine whether the conduct would be swept within that. So the court dealt with the mens rea issue, but the mens rea was not listed specifically in the theft statute. That's not what we've got going on here. We're still in step one in the modified categorical approach, trying to identify what the elements of the offense are. So the government wants you to skip that step and go straight to, well, we can't figure out how the state would charge that. That's not the question. The question, the legislature has already answered that. They've listed it as you just have to have a prior theft offense, much like in Michigan you had to have a prior felony. So only then, once you've identified the elements, do you figure out whether the conduct would be swept within those elements. So I think there's a distinction between conduct and elements versus the elements of the offense. The other case I would cite to this court on that issue is Burris, where the on-bound court here dealt with felonious assault and aggravated assault statutes and identified that it was divisible by the subsection, and then the particular element of serious physical harm was defined by various means. You could commit that element through various means, including mental harm. So the court then looked to the defendant and said you have to point to some realistic probability that it would be charged to include mental harm, but that was a means analysis, not an element analysis. I see that I'm out of time, so I reserve the remaining for rebuttal. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Jason Mannion for the United States. This Court's published decision in Carter all but resolves this case. The only language in the statute at issue today that this Court did not already consider in Carter is Section 2911.01A1's deadly weapon element. But that element's statutory text, Ohio case law interpreting it, and this Court's deadly weapon rule all confirm that the deadly weapon element is the same as or narrower than the corresponding element of guidelines extortion. Indeed, the Ohio Supreme Court has already held in the construction of state law that is binding on this Court that a defendant cannot violate the aggravated robbery statute without also violating the robbery statute. Let me ask this. Are you saying that we have to, I guess like Carter did, rely on theft as being the predicate offense for aggravated robbery? I'm not saying that. So what I am saying, though, is that the language that was at issue in Carter of no person in attempting to commit a theft offense or fleeing therefrom, that language is identical. The federal definition of extortion is identical, and the underlying state court indictments are identical. Neither in Carter nor in this case do the underlying state court documents say which theft offense is at issue. And yet this Court held that Carter's conviction counted as extortion, analyzing the same statutory lead-in language, the aggravating elements of physical harm or a deadly weapon are separate. But that language is the same. I mean, how do you analyze Wilson, which probably in the double divisibility analysis, I understand it wasn't dealing with the deadly weapon component of aggravated robbery, but it was dealing with aggravated robbery and with the underlying theft offenses. So Wilson says it's doubly divisible, which means we have to look at all the various theft offenses. So how does that analysis play and interact with Carter? So my first point on that is that this issue with Carter was not raised until the reply brief in this case. So that argument was forfeited. But on the merits, I think my first point is that Wilson and Carter don't conflict. Wilson stands for the proposition that in elements clause cases, if the Ohio robbery at issue doesn't have the appropriate mens rea... Let me ask you about that, Mr. Manion, because I think you're picking up on some of these similarities between the different cases and the slightly different statutes that we're having. So Wilson, as you're talking about, certainly talked about elements clause, but it also told us how we were supposed to analyze Ohio aggravated robbery. I think it was 2911.01A3 in that case. But I want to ask you then about the similarities between that statute, .01, aggravated robbery, and what we had in Carter, which was .02, plain robbery. Both of those statutes require a predicate theft offense, right? Does that make sense? And is theft offense in both of those statutes defined by looking at 2913.01? It is. Okay, so we have to go to that for both plain robbery in .02 and aggravated robbery like we have here in .01. Okay, so we go to that and we have 31 theft offenses, right? So we, if we're applying the modified categorical approach, have to figure out whether all 31 of those, unless the Shepard documents tell us differently, but all 31 of them, or the least culpable one of them, fits and is a categorical match with, here, guidelines extortion, right? That's what we have to do, according to Wilson, right? Yeah, I agree that stands for the point. But Carter didn't do that, right? And I should say, nobody argued in Carter that the court had to do that. But Carter didn't do the double divisibility analysis. I think the way I would describe Carter is that it didn't say that this could be, that that robbery statute could be predicated on multiple theft offenses. So in that sense... Why not? You just told me that 2911.02, which was the statute in Carter, plain robbery, needs a predicate theft offense, and you told me that a predicate theft offense was defined by 2913.01 that has 31 theft offenses. So Carter maybe didn't go through that analysis because nobody argued that, and that's what I asked your friend about. But if that's the proper analysis that we're supposed to do, just because Carter didn't do it, does that mean we don't do it, even though Wilson tells us to? Maybe. But I have a couple of answers to that. The reason I say maybe is that in the categorical approach context, in previous cases, this court has held that when one panel comprehensively counts, treats a state offense as qualifying for a federal sentence enhancement, and does that in a way that addresses the different issues, that's something that even when new parties raise new issues to that, that previous holding remains in place. That's even if it was never argued in Carter. My understanding, and it actually says in Carter directly, is that the defendant there never argued that plain robbery, in that case, .02, couldn't be extortion. The argument in that case, and I went back through the briefing, was just that you couldn't try and match up Ohio robbery with guidelines extortion. You only could try and match it up with robbery. So the court, and I agree we would be bound by the holding of what was argued there, that no, you can try and match Ohio robbery or ag robbery with extortion. Indeed, we did that in Camp. So that is what was argued and decided in Carter. But you're asking us to take something that was not argued, which now you've told me is contrary to how we're supposed to do the analysis under Wilson and the categorical approach, and you want us to take that and extend it from .02 and put it into .01. So I cited in my case the case Broombach. That's the case that I'm talking about. It was about whether a Tennessee burglary counted as an ACCA offense. A panel of this court said, yes, it counts categorically. Defendants brought new merits arguments that hadn't been presented before, and this court said because one panel said that this counts, we don't analyze those new merits arguments. So that's at least been this court's approach. In that case, and I forget all the details of it, did they say that the analysis in that predicate precedent of ours I don't think exactly, no. Okay, so we didn't have to pick in that case between the two precedents. In that case, were they asking the court just to apply the precedent case to the same crime, or were they asking us to extend the precedent like you're asking us to extend it here from .02, which was Carter, to .01? I believe it was the same crime. Okay, so they weren't asking to extend anything. But at least as to the identical lead-in theft language between these two statutes, as to that part, I'm not asking you to extend. That's identical language that Carter dealt with, and that's an issue in the statute as well. And Wilson dealt with that too, right? He did. So if I may, I'd like to address how the Carter panel may have reached the .02A1 theft predicate. And this is something that is not in my brief, because that hadn't been raised yet, but I know it is in the Brown brief that Your Honor has for a case later this week. But Ohio doesn't require the prosecutors to list the particular underlying predicate offense when they're charging an offense. And yet, regularly, Ohio courts of appeals presume that this main theft offense, the same one that Carter identified, is the theft offense against which to measure sufficiency of the evidence style challenges. So it's a common move in state law, when there is no listed predicate offense, to assume or presume but to identify the same theft offense that Carter did and to analyze it against that. I don't know why state courts do it that way, but that is how state courts do it. There is a mechanism in Ohio for actually figuring out what the predicate offense is, right? Like, counsel could ask for a bill of particulars and figure it out. That's true. So if it actually were an issue in the case, if it were necessary for the defense or the prosecution in terms, you know, if they're going to the jury and trying to figure out the elements and things like that, it could be there. It's true that that's a mechanism that's available, but in two of the three cases that I cited in the Ohio cases that presume that same main theft offense, there was no bill of particulars requested. One, there was, but it's not available on the public docket. Should we give the defendant the question of the doubt if it's not in there? And in other words, if it's not listed in the previous conviction, shouldn't we say, well, it must have been a nonviolent kind of a crime, right? No, I don't think so. And so I think that if this court- Why not if math essentially tells us to look to the least criminal conduct in doing a categorical approach, why shouldn't we give the defendant the benefit of the doubt? That it's a nonviolent theft offense, the least criminally culpable offense possible? Well, it's always going to be a violent felony because there's always the 291101A1 aggravating conduct at issue. So there's always having a gun with you and using it, brandishing it, displaying it, or indicating possession of it. What about, I mean, your friend outside brought up safe cracking, tapping with coin machines. Yes, you can put- It doesn't necessarily mean that a person has to be there. Does that still mean it's a violent offense if someone goes to a safe with no one there and pulls out a gun and uses the gun to try to get into the safe? I mean, is that still considered a violent offense? I think that the Ohio Supreme Court's analysis in Evans says that you can never have an O1A1 conviction that doesn't include the threat of physical force that's present in O2A2. So the Ohio Supreme Court has said that for every O1A1 conviction, there is that implied physical threat against another person. That's binding on this court in this context. And then the other point, I think, is that if you look at some of the theft offenses that my opponent identified as potentially involving no actual theft, it's implausible for most of those that there would be a gun element tied to that. So you wouldn't have a line on your insurance form at gunpoint or hiding documents that would help determine whether your worker's comp claim was valid at gunpoint. Then why did the Ohio legislature include those type of offenses as theft offenses that can serve as predicate offenses for aggravated robbery? Well, that is because Ohio has defined the term theft offense to be used throughout the Ohio Revised Code. There's more than 50 references to theft offense within the Ohio Revised Code. And so this is one definition that does include a broad range of theft offenses for all purposes. It wasn't tailor-made for this offense. And one way you know it's not tailor-made for this offense also is that O1A1 and O2A2 are also predicate offenses. And those would never be a predicate for an O1A1 or O2A2 conviction. Could you tell me what the sentencing range would be if you hadn't used this enhancement? Your Honor, I don't have that available. What I do have, I mean I certainly know it would have been higher because the district judge left the base offense in place as if this was a crime of violence but then lowered the criminal history and then gave the lowest within that range. So I know it would have been lower. I know that the defendant asked for a 60-month sentence and received a 75-month. So I know that the sentencing guideline range would be different but I don't know exactly what that would have been. The last point I'd like to make quickly is that from the beginning of the Supreme Court's categorical approach to jurisprudence up until now, in the enumerated offense context, it has never required that an offense more than substantially correspond with the generic version or the listed version of the crime. The court said that in Taylor. It said that as recently as Quarles in 2019, that the definition needs to only substantially correspond. And that's why this court has said that in the enumerated offense context, identical matching is not required. That's Greer v. United States, 938 F. 3rd, 766. Here, on the all-important violence element, there's no dispute that every 2911-01A1 conviction will always have the violence. The only question is whether that sweeps in things that are not completed thefts or not with consent or things like that. And so it at least substantially corresponds. But you agree that in the guidelines definition of extortion, you have to obtain something of value. You can either obtain or attempt to obtain. Well, obtain something of value is how they describe extortion, and there are lots of ways that you can violate 2913.01 without obtaining anything. I think Judge Mathis gave a whole bunch of examples. Safe-cracking, even just providing a false document when you try to apply for insurance, even if you don't even get the insurance, trying to conceal property, using counterfeit mugs. I mean, there are tons of them where you may never obtain anything. And so I have two responses. The first is that the extortion definition includes the additional commentary that the— Well, not the extortion definition, the definition of crime of violence. Right, so the obtain something of value is in the extortion definition, in the commentary. Right, but attempt is not. Yes, but the attempt commentary is modifying other commentary. The problem from Havis was adding a new crime in the text definition, not modifying a commentary definition. But it modifies the definition of crime of violence. Isn't the definition of crime of violence in the text? It is, but it includes an undefined term, extortion. That is defined in the commentary, and that is defined by two pieces of commentary. First, the extortion definition. The second, the attempt definition. Yeah, I think your argument would have purchased if it actually added attempt into the extortion definition. But it adds attempt to crime of violence. And using your own analogy to Havis, crime of violence is defined, just like the controlled substances offense in Havis were defined with a list of them. Here, we have crime of violence is defined by a list of offenses. And in Havis, we said we just couldn't add attempt. You know, if I may respond, if this doesn't require—for me to be right, it doesn't require that all attempted extortions count. It only requires that a completed extortion that includes one of its elements, an attempted act, attempting to obtain something from another, that that be allowed to be part of the overall completed extortion definition. And if you look at this court's post-Havis case law on drug offenses, there are multiple cases. If I don't cite them in this brief, I certainly do in Brown. No, it is in this brief as well. Let's say that even some of these drug offenses that include an attempted act as one of the elements, their attempted transfer as part of the delivery of a drug, that that's not a problem with Havis. And this case is a pre-amendments case. And so—but I would just note that going forward, the attempt— Yeah, some of these questions go away going forward, but we're bound by the 2016 version here. Of course. Thank you, Your Honor. Thank you. Just three brief points on rebuttal. The government argues that the issue Mr. Ivey is raising, the Wilson argument, is forfeited. We argue it is not. The government never raised this below either. So if the court is interested in applying forfeiture, it should apply it equally to both parties and remand it for the district court to consider it in the first instance. We're not asking this court to do that. I do recognize that the briefing in this case was done on some shifting sands, so to speak. So I'm not faulting the government for raising the issue for the first time in the brief. We're asking for the court to accept our response to the government's first time that it's raising its argument in our reply brief. Second, the government makes the argument that if you have a categorical approach, if a court issues an opinion on a categorical approach and says that it is a crime of violence, that any new arguments on that issue are foreclosed by it, we're not at the categorical approach analysis yet. We're still at the modified categorical approach. We're trying to figure out what the predicate theft defense is, and if we don't have it, we've got to go through, as this court has already noted, those 31 different theft defenses. So the Carter opinion did not say categorically that robbery under this 29-1301 general theft statute was categorically a crime of violence. So that case that the government cited is in opposite. Lastly, the government makes the argument that it has raised in the Brown briefing about Ohio courts presuming the predicate theft defense. I did respond to that in Brown. I would cite the court to that briefing. That is not what those cases say. Those cases were trials, and on appeal there was a sufficiency argument. So the court of appeals was going through to determine whether there was sufficient evidence to support an aggravated robbery conviction. So any one of those theft defense predicates would have sufficed. They did find one of them did, but that does not mean that the courts are presuming any particular element of an offense. That is inconsistent with what the Supreme Court has said in Shepard. That is inconsistent with what this court has done in Wilson. The whole point of identifying the predicate theft defenses is to use particular Shepard documents to identify them. For all these reasons, we would ask the court to find that reverse and remand. Thank you counsel. Thank you. Thanks to both parties for your arguments and briefs. The case will be submitted.